[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
{¶ 1} This appeal is considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, and this Judgment Entry shall not be considered an Opinion of the Court pursuant to S.Ct.R.Rep.Op. 3(A).
{¶ 2} Defendant-appellant, Drumond Edwards, appeals the judgments of the Hamilton County Court of Common Pleas, convicting him of felonious assault and imposing a sentence of incarceration for Edwards's violation of a post-release-control sanction. For the following reasons, we affirm the judgments of the trial court.
{¶ 3} Edwards was convicted of felonious assault after a jury trial. At trial, the state presented evidence that police officers had discovered the victim, Arletha Lamb, unconscious in a parking lot. Lamb had lapsed into a coma as the result of a severe beating and had suffered permanent, debilitating injuries. Forensic evidence ultimately led the police to Edwards, who confessed to having assaulted Lamb.
{¶ 4} The jury found Edwards guilty of felonious assault, and the trial court imposed the maximum term of incarceration for the offense. In addition, the trial court imposed 858 days' incarceration for Edwards's violation of a post-release-control sanction for a prior sexual-battery conviction. Edwards has appealed the felonious-assault conviction under case number C-020287 and the imposition of the sentence for the post-release-control violation under case number C-020590.
{¶ 5} In his first assignment of error in the appeal numbered C-020287, Edwards argues that the trial court erred in failing to convict him of the lesser offense of aggravated assault and that the court erred in failing to instruct the jury on that offense. Edwards also argues in support of the assignment that his trial counsel was ineffective because he did not request the instruction. We find no merit in these arguments.
{¶ 6} Aggravated assault is not a lesser-included offense of felonious assault, but an offense of inferior degree.[1] The difference between felonious assault and aggravated assault is that the latter offense includes the mitigating circumstance that the offender was under the influence of sudden passion or rage brought on by serious provocation occasioned by the victim.[2] If a defendant who is charged with felonious assault presents sufficient evidence of sudden rage brought on by serious provocation, the trial court must instruct the jury on aggravated assault.[3]
{¶ 7} In arguing the presence of provocation and a sudden passion or rage, Edwards points to his statement to police that Lamb had taken his money and stabbed him with a screwdriver. This statement, without more, was not sufficient to support a finding that Edwards was under the influence of sudden passion or rage when he inflicted the life-threatening injuries on Lamb.[4] Accordingly, the trial court did not error by failing to instruct the jury on aggravated assault, and Edwards was not deprived of the effective assistance of counsel because his attorney did not request such an instruction.[5] The first assignment of error is overruled.
{¶ 8} In his second assignment of error in the appeal numbered C-020287, Edwards contends that the trial court erred by imposing 858 days of confinement for the post-release-control violation in addition to the maximum sentence for the felonious assault. He first argues that, at the time of the plea and sentencing on the sexual battery, the trial court had failed to inform him of the consequences of violating post-release control. The plea form that Edwards had signed included an accurate statement of the law, and Edwards has cited nothing in the record to indicate that he was not fully informed of his rights and responsibilities while on post-release control.[6]
{¶ 9} Edwards also argues that the trial court erred in imposing the maximum sentence for the felonious assault in addition to the 858 days for the post-release-control violation, because the court had taken into consideration the fact that Edwards was on post-release control when it chose the maximum sentence for the later conviction.[7] Edwards suggests that he was therefore punished twice for the same conduct, in violation of his constitutional rights against cruel and unusual punishment and double jeopardy.
{¶ 10} We are not persuaded by this argument. We have found no authority for the proposition that a trial court may not impose incarceration for a post-release-control violation while also considering the defendant's post-release-control status in imposing the maximum sentence for a later offense.[8] In any event, the trial court in the case at bar found an independent basis for imposing the maximum sentence: it found that Edwards had committed the worst form of felonious assault. Edwards does not dispute the trial court's finding, and that finding alone was sufficient to justify the imposition of the maximum sentence.[9] The second assignment of error is therefore overruled.
{¶ 11} In his third and final assignment of error in the appeal numbered C-020287, Edwards claims that the trial court erred by not granting his motion to suppress his statement to the police. Edwards's appellate counsel has informed this court that he has reviewed the record and has found no error in the trial court's decision. We have independently reviewed the record, and we concur that the assignment is frivolous.[10] The third assignment of error is overruled.
{¶ 12} In the sole assignment of error presented in the appeal numbered C-020590, Edwards raises the same issues previously discussed under the second assignment of error in appeal number C-020287. For the reasons already stated, the assignment of error is overruled, and the judgments of the trial court are affirmed.
{¶ 13} Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Hildebrandt, P.J., Gorman and Winkler, JJ.
[1] State v. Deem (1988), 40 Ohio St.3d 205, 210, 533 N.E.2d 294.
[2] Id. at 210-211, 533 N.E.2d 294; R.C. 2903.12.
[3] Deem, supra, paragraph four of the syllabus; State v. Sheppard
(October 12, 2001), 1st Dist. No. C-000533.
[4] See Sheppard, supra.
[5] See Strickland v. Washington (1984), 466 U.S. 668, 687,104 S.Ct. 2052.
[6] The record does not include the transcript of the plea and sentencing hearings in the sexual-battery case.
[7] Specifically, the court cited Edwards's post-release-control status in finding that he posed the "greatest likelihood of recidivism" under R.C. 2929.14(C).
[8] The Supreme Court of Ohio has held that there is no double jeopardy violation where a trial court imposes imprisonment for a post-release-control violation and for the offense that was the subject of the violation. See State v. Martello, 97 Ohio St.3d 398, 2002-Ohio-6661,780 N.E.2d 750. We find the holding in Martello to be instructive in the case at bar.
[9] See R.C. 2929.14(C).
[10] See Anders v. California (1967), 386 U.S. 738,87 S.Ct. 1396.